UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────

MILLENNIUM PARTNERS, L.P., and
MILLENNIUM FIXED INCOME, LTD.,

                           12 Civ. 7581 (JGK)

            Plaintiffs,
                           MEMORANDUM OPINION AND
      - against -          ORDER

U.S. BANK NATIONAL ASSOCIATION, and
WELLS FARGO BANK, NATIONAL
ASSOCIATION,

                 Defendants.
─────────────────────────────────────

JOHN G. KOELTL, District Judge:

     Plaintiffs Millennium Partners, L.P. ("Millennium") and

Millennium Fixed Income, Ltd. move for reconsideration of an

order by Judge Baer, dated April 17, 2013, granting the motions

to dismiss several of the plaintiffs' claims against Defendant

Wells Fargo Bank, National Association ("Wells Fargo"). For the

reasons explained below, the plaintiffs' motion for

reconsideration is **denied**.


                              I.

     Defendant J.P. Morgan Acquisition Trust 2006-WF1 ("Trust")

is a common law trust established under New York law pursuant to

the terms of a Pooling and Servicing Agreement ("PSA") effective

as of August 1, 2006. Compl. ¶¶ 22, 30. The assets of the Trust

consist primarily of a pool of residential mortgages. Id. ¶ 30.

The Trust issued nine classes of senior certificates, one residual certificate, eight classes of offered mezzanine certificates, and three other classes of non-offered certificates. Id. Defendant U.S. Bank National Association ("U.S. Bank") was the Trustee, and Defendant Wells Fargo was the Securities Administrator, Master Servicer, and Servicer for the Trust. Id. ¶¶ 31-32.

On April 12, 2010, Millennium bought 100% of the A-3-B Class of senior certificates and sold it to Millennium Fixed Income, Ltd. on September 9, 2010, who in turn sold and subsequently repurchased these certificates from Barclays Bank in February 2012, and eventually sold all these certificates to Bank of America on May 16, 2012. Id. ¶ 29.

The PSA provided for a waterfall structure for principal distribution, under which the less senior certificates receive payment only after the more senior certificates are paid. Id. ¶ 35. The payments were made to the plaintiffs accordingly from April 2010 to May 2011. Id. ¶ 3.

Beginning with the June 27, 2011 distribution, Wells Fargo paid Millennium principal and interest at the pro rata rate among all the senior certificate holders. Id. ¶¶ 3, 7. Wells Fargo explained to the plaintiffs that the change of distribution structure was based on an overcollateralization trigger in the prospectus supplement that was not contained in

the PSA. Id. ¶ 8. On January 1, 2012, U.S. Bank and Wells Fargo

signed Amendment No. 1 to the PSA with an effective date of

August 1, 2006, which essentially replaced the waterfall

structure with the pro rata structure from the prospectus

supplement. Id. ¶ 10.

The PSA required that prior to entering into any amendment

without the consent of the certificate holders, the Trustee

shall be provided with an Opinion of Counsel. Id. ¶ 12. The law

firm Bingham McCutchen LLP ("Bingham") provided this opinion to

U.S. Bank in or around January 2012. Id.

On October 10, 2012, the plaintiffs filed the complaint,

which made five claims based on the defendants' amendment of the

PSA governing the Trust: (1) violation of the Trust Indenture

Act of 1939 ("TIA"), 15 U.S.C. § 77aaa et seq., against all

defendants; (2) breach of the PSA against U.S. Bank and Wells

Fargo; (3) breach of fiduciary duty against U.S. Bank; (4)

aiding and abetting a breach of fiduciary duty against Wells

Fargo; and (5) negligence against U.S. Bank and Wells Fargo.

U.S. Bank and Wells Fargo moved to dismiss all but the TIA

claim against them, and the Trust moved to dismiss the TIA

claim. On April 17, 2013, Judge Baer granted both motions.

Millennium Partners, L.P. v. U.S. Bank Nat. Ass'n, No. 12cv7581

(HB), 2013 WL 1655990 (S.D.N.Y. Apr. 17, 2013). On May 31, 2013,

the parties jointly requested, and Judge Baer granted, a stay of

this case pending a decision in a similar case before the Court

of Appeals for the Second Circuit. On July 10, 2014, the case

was reassigned to this Court following Judge Baer's death. On

December 23, 2014, the Second Circuit Court of Appeals issued

its opinion concluding that the TIA does not apply to PSAs such

as the one in this case.

The plaintiffs now move for reconsideration of Judge Baer's

opinion, alleging that Judge Baer's conclusions constitute clear

error, particularly regarding claims (2) and (4) of their

complaint, and urge this Court to reopen and vacate Judge Baer's

decision dismissing those claims against Wells Fargo.


## II.

"The decision to grant or deny a motion for

reconsideration rests within the sound discretion of the

district court." Vincent v. The Money Store, No. 03cv2876 (JGK),

2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (internal

quotation marks omitted). "Reconsideration of a previous order

by the Court is an extraordinary remedy to be employed sparingly

. . . ." Anwar v. Fairfield Greenwich Ltd., 800 F. Supp. 2d 571,

572 (S.D.N.Y. 2011) (internal quotation marks omitted). "The

major grounds justifying reconsideration are an intervening

change of controlling law, the availability of new evidence, or

the need to correct a clear error or prevent manifest

injustice." <u>Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted); <u>see also</u> <u>In re Citigroup ERISA Litig.</u>, No. 11cv7672 (JGK), 2015 WL 4071893, at *1 (S.D.N.Y. July 6, 2015)

The plaintiffs sought leave to file their motion to reconsider on February 25, 2015 and filed this motion on April 10, 2015. Alleging Judge Baer committed clear error in granting the defendants' motions, this motion seems to invoke Rule 60(b)(6). Because the motion was not filed pursuant to Rule 60(b)(1)-(3), it was not barred by the one-year limit of Rule 60(c). The motion, however, still must be filed "within a reasonable time." Fed. R. Civ. P. 60(c). Two years after the original decision is not a "reasonable time." Local Rule 6.3 also requires that a motion for reconsideration or reargument be filed within fourteen (14) days after the entry of the Court's original order, unless otherwise provided by the Court or by statute or rule. The current motion also failed to comply with that time limit.

Although courts have permitted untimely motions for reconsideration when there was "a compelling reason to ignore the time limit," <u>Richman v. W.L. Gore & Assocs., Inc.</u>, 988 F. Supp. 753, 755 (S.D.N.Y. 1997), nothing in this motion presents such a compelling reason, or any circumstance that may excuse the delay. <u>Cf., e.g.</u>, <u>id.</u> (considering an untimely motion for

reconsideration when there was a change of controlling law);

Barnes v. Pozzi, No. 10cv2554 (JGK), 2012 WL 5451033, at *1

(S.D.N.Y. Nov. 8, 2012) (considering an untimely motion because

of the plaintiff's pro se and incarcerated status). This motion

may thus be rejected for its untimeliness alone. See, e.g., Otto

v. Town of Washington, 71 F. App'x 91, 92 (2d Cir. 2003)

(summary order) (upholding a district court's denial of motion

for reconsideration where the motion was filed more than ten

days after the judgment was docketed); Gurvey v. Cowan,

Liebowitz & Latman, P.C., No. 06cv1202 (LGS)(HBP), 2014 WL

5690414, at *2 (S.D.N.Y. Nov. 5, 2014) ("[P]laintiff's motion

[for reconsideration] is almost two weeks late and can be denied

on that ground alone.")

## III.

Even if discretion were exercised to consider this motion,

the motion must be denied for its lack of merit. The plaintiffs

allege neither a change of controlling law nor any new evidence,

but base their arguments on the need to correct a clear error.

In support of this argument, the plaintiffs essentially assert

that Judge Baer was mistaken in his reasoning and conclusions,

and reargue the claims previously submitted and decided by Judge

Baer. This is not a basis for reconsideration. See, e.g.,

Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)

("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); Gibson v. Comm'r of Mental Health, No.04cv4350 (SAS), 2009 WL 331258 (S.D.N.Y. Feb. 11, 2009), at *2 ("Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively in order to reargue those issues already considered when a party does not like the way the original motion was resolved.")(internal citations and quotations omitted); Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) ("A motion for reconsideration may not be used . . . as a vehicle for relitigating issues already decided by the Court."). Moreover, Judge Baer correctly rejected the arguments the plaintiffs now reiterate.

**A.**

Regarding the alleged breach of the PSA, Judge Baer held that the retroactive amendment was valid and the plaintiffs had no claim for a breach of the amended PSA, which contained unambiguous terms that eliminated the plaintiffs' claim. The plaintiffs' reliance on the condition in the PSA that amendments pursuant to Section 12.03(a)(iii) may not "adversely affect in any material respect the interests of any Holder" is misplaced, because the amendment was adopted pursuant to Section 12.03(a)(ii). See Millennium Partners, 2013 WL 1655990, at *2.

Judge Baer committed no clear error and the plaintiffs' breach
of contract claim was properly rejected.

**B.**

The plaintiffs also made claims against U.S. Bank for
breach of fiduciary duty, and against Wells Fargo for aiding and
abetting the breach of fiduciary duty. Regarding these claims,
Judge Baer held that because the plaintiffs failed to allege an
Event of Default, and because U.S. Bank as Trustee only assumes
fiduciary duty after an Event of Default, there could be no
claim against U.S. Bank based on fiduciary duty, nor any
secondary claim of aiding and abetting against Wells Fargo. See
Millennium Partners, 2013 WL 1655990, at *4.

The plaintiffs now concede that they cannot pursue any
claim against U.S. Bank as Trustee, pursuant to New York General
Obligation Law § 13-107, because a transfer of any bond shall
vest in the transferee all claims or demands of the transferrer
for damages against the obligor, the trustee, the depositary, or
any guarantor of the obligations. Because the plaintiffs have
already sold the certificates at issue before this action was
filed, their claims against U.S. Bank are vested in the
transferee of the certificates. See Okla. Police Pension & Ret.
Sys. v. United States Bank Nat'l Ass'n, 986 F. Supp. 2d 412, 418
(S.D.N.Y. 2013). Nevertheless, the plaintiffs argue that they
still retain claims against Wells Fargo because those claims are

not transferred under New York General Obligation Law § 13-107, because Wells Fargo was not an obligor, the indenture trustee or depositary, or the guarantor of the obligation. Cf. SC Note Acquisitions, LLC v. Wells Fargo Bank, N.A., 934 F. Supp. 2d 516, 531 (E.D.N.Y. 2013) aff'd, 548 F. App'x 741 (2d Cir. 2014). The plaintiffs are nevertheless mistaken that they have stated a claim against Wells Fargo, because, as Judge Baer held, they failed to state a claim of the underlying primary breach of fiduciary duty.

The plaintiffs contend that Judge Baer's conclusions were incorrect because they were inconsistent with the holding of Okla. Police Pension & Ret. Sys. v. United States Bank Nat'l Ass'n, 291 F.R.D. 47 (S.D.N.Y. 2013) ("Oklahoma Police"). Oklahoma Police held, among other things, that "defendant cannot escape liability for having failed to send out notices it was required to send out or to act as it was required to do with the excuse that it failed to send out notice that would have triggered an Event of Default." Id. at 67. For the same proposition, the plaintiffs filed a notice of supplemental authority (ECF No. 40) that points to Fixed Income Shares: Series M v. Citibank N.A., No. 14cv9373 (JMF), 2015 WL 5244707, at *11 (S.D.N.Y. Sept. 8, 2015) (holding that whether or not the defendant has a contractual duty to give notice, a party may not insist upon performance of a condition precedent when its non-

9

performance has been caused by the party itself). Under this theory, the plaintiffs argue, U.S. Bank similarly could not escape liability for its breach of fiduciary duty simply for having failed to send out the notice that would have triggered an Event of Default, which would in turn attach fiduciary duty to U.S. Bank.

This argument fails because in this case the plaintiffs have failed to plead that a default has occurred and would have become an event of default if the notice was sent out. In Oklahoma Police, the plaintiff sufficiently pleaded substantive breaches by the Master Servicer, Wells Fargo, who conducted the actual operations of the Covered Trusts and failed to perform its duties adequately. 291 F.R.D. at 70. The Oklahoma Police defendants did not challenge the allegations that the Covered Trusts performed very poorly, realizing millions in losses with more losses impending due to high delinquency rates for the mortgages. Id. at 56, 70. It was alleged that Wells Fargo failed to comply with its obligations, and that many mortgage loans in the Covered Trusts did not comply with the representations and warranties made to the Covered Trusts and the Trustee concerning them. Id. The defective servicing by Wells Fargo, alleged by the plaintiff and undisputed by the defendants, formed the basis to find a breach that should have compelled the Trustee to send out

notice to trigger an Event of Default under the PSA. See id. at 70.

Similarly, in Fixed Income the claims related to alleged deficiencies in the underlying mortgages and the failure by the trustee and servicers to take action regarding the underlying mortgages. 2015 WL 5244707, at *10. The failure, if proven, would be sufficient to compel a notice to be sent to trigger an Event of Default under the PSA.

In this case, the breach alleged by the plaintiff is the change of distribution structure and the subsequent amendment of the PSA to conform to the prospectus supplement. But the amendment was permitted and authorized by the PSA and therefore not a breach. Even if the Master Servicer was on notice of the amendment and the change in the distribution formula, it did not constitute a breach by the Master Servicer that would trigger an Event of Default under Section 6.14 of the PSA. Without this trigger, the Trustee was under no obligation to send the notice that would lead to an Event of Default. The Oklahoma Police and Fixed Income theory, which were based on allegations of underlying breaches, is therefore inapposite here.

Accordingly, the plaintiffs cannot allege a claim of breach of fiduciary duty against U.S. Bank relying upon Oklahoma Police, and consequently cannot allege a claim against Wells Fargo for aiding and abetting that breach. Fillmore E. BS Fin.

11

Subsidiary LLC v. Capmark Bank, 552 F. App'x 13, 17 (2d Cir.

2014) (summary order). Because the plaintiffs fail to identify

any controlling law or facts that Judge Baer overlooked in his

analysis of their claim of breach of fiduciary duty and related

claims of aiding and abetting, Judge Baer committed no clear

error in dismissing these claims. The motion for reconsideration

is **denied**.


                              **CONCLUSION**

     The Court has considered all of the arguments raised by the

parties. To the extent not specifically addressed, the arguments

are either moot or without merit.

     For the reasons explained above, the petitioner's motion

for reconsideration is **denied**.

     The Clerk is directed to close Docket No. 36.


**SO ORDERED.**


**Dated:    New York, New York**
**          October 24, 2015        _____/s/_____**
                                     **John G. Koeltl**
                             **United States District Judge**


                                 12